# EXHIBIT B




*19-000162050*

CHIEF FINANCIAL OFFICER
JIMMY PATRONIS
STATE OF FLORIDA

---

WARRINER TAPPER LLC

PLAINTIFF(S)

VS.

LEXINGTON INSURANCE COMPANY

DEFENDANT(S)
_____/

CASE #:    19002006CA
COURT:     CIRCUIT COURT
COUNTY:    BAY
DFS-SOP #: 19-000162050

SUMMONS, COMPLAINT, NOTICE OF COMPLIANCE WITH RULE 2.516 AND DESIGNATION OF E-MAIL ADDRESS

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by MAIL on Monday, June 17, 2019 and a copy was forwarded by ELECTRONIC DELIVERY on Wednesday, June 19, 2019 to the designated agent for the named entity as shown below.

LEXINGTON INSURANCE COMPANY
JOANNE P KEATING
99 HIGH ST
BOSTON, MA 02110

*Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080

Jimmy Patronis
Chief Financial Officer

JAMES S CONSTABLE, ESQ.
CONSTABLE LAW, P.A.
323 MAIN STREET
SAFETY HARBOR, FL 34695

TSC

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR BAY COUNTY, FLORIDA
CIVIL DIVISION

WARRINER TAPPER LLC

CASE NO.: 19002006CA

Plaintiff,

vs.

LEXINGTON INSURANCE COMPANY

Defendant.
_____/

RECEIVED AS STATUTORY REGISTERED AGENT on 17 June, 2019 and served on defendant or named party on 19 June, 2019 by the Florida Department of Financial Services

## SUMMONS
### PERSONAL SERVICE ON AN INSURANCE COMPANY

**THE STATE OF FLORIDA:**
**TO EACH SHERIFF OF THE STATE:**

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit upon the below-named Defendant(s):

*LEXINGTON INSURANCE COMPANY*

c/o Florida Chief Financial Officer as RA
200 East Gaines Street
Tallahassee, FL 32399-4201

**IMPORTANT**

A LAWSUIT HAS BEEN FILED AGAINST YOU. YOU HAVE 20 CALENDAR DAYS AFTER THIS SUMMONS IS SERVED ON YOU TO FILE A WRITTEN RESPONSE TO THE ATTACHED COMPLAINT WITH THE CLERK OF THIS COURT. A PHONE CALL WILL NOT PROTECT YOU; YOUR WRITTEN RESPONSE, INCLUDING THE CASE NUMBER GIVEN ABOVE AND THE NAMES OF THE PARTIES, MUST BE FILED IF YOU WANT THE COURT TO HEAR YOUR SIDE OF THE CASE. IF YOU DO NOT FILE YOUR RESPONSE ON TIME, YOU MAY LOSE THE CASE, AND YOUR WAGES, MONEY AND PROPERTY MAY THEREAFTER BE TAKEN WITHOUT FURTHER WARNING FROM THE COURT. THERE ARE OTHER LEGAL REQUIREMENTS. YOU MAY WANT TO CALL AN ATTORNEY RIGHT AWAY. IF YOU DO NOT KNOW AN ATTORNEY, YOU MAY CALL AN ATTORNEY REFERRAL SERVICE OR LEGAL AID OFFICE (LISTED IN THE PHONE BOOK).

     IF YOU CHOOSE TO FILE A WRITTEN RESPONSE YOURSELF, AT THE SAME TIME YOU FILE YOUR WRITTEN RESPONSE TO THE COURT, YOU MUST ALSO MAIL OR TAKE A CARBON COPY OR PHOTOCOPY OF YOUR WRITTEN RESPONSE TO THE "PLAINTIFFS' ATTORNEY" LISTED BELOW:

**PLAINTIFF'S ATTORNEY:**
**JAMES S. CONSTABLE, ESQ.**

**CONSTABLE LAW, P.A.**
323 Main Street
Safety Harbor, FL 34695
(727) 797-0100
contact@constable-law.com

DATED on   6/6/2019  

CLERK OF CIRCUIT COURT
BY: _(signature)_
DEPUTY CLERK OF COURT

19-2057

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR BAY COUNTY, FLORIDA
CIVIL DIVISION

WARRINER TAPPER LLC

CASE NO.:

Plaintiff,

vs.

LEXINGTON INSURANCE COMPANY

Defendant.
_____/

## COMPLAINT

WARRINER TAPPER LLC (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, hereby sues the Defendant, and as grounds therefore states as follows:

## GENERAL ALLEGATIONS

1. This is an action for damages in excess of fifteen thousand dollars ($15,000) exclusive of interest, attorneys' fees, and costs.

2. At all times material hereto, Plaintiff owned the property located at 108 29th Street South, Mexico Beach, Bay County, Florida 32456 (hereinafter referred to as the "Insured Property").

3. At all times material hereto, Defendant was and is a domestic corporation in the State of Florida and engages in the business of providing property insurance coverage to residents of Florida in exchange for the payment of a premium.

4. In consideration of the premium paid to it by Plaintiff, Defendant issued to Plaintiff an insurance policy, Policy No. 67144859 (hereinafter referred to as the "Policy"), which was in full force and effect at the same time damage occurred to the Insured Property. A copy of the Policy is in Defendant's possession and will be subsequently filed.

5. Plaintiff timely notified Defendant of the damage.

6. Defendant assigned claim number 683-662885 to the reported loss.

7. Defendant inspected the Insured Property and observed damage.

8. Defendant observed damage to Plaintiff's property during a policy period in which Defendant insured Plaintiff's property.

9. Under the terms of the Policy, Defendant is obligated to pay insurance benefits for covered losses to Plaintiff.

10. The damage to Plaintiff's Insured Property is caused by a covered peril under the Policy.

11. All conditions precedent to obtaining payment of said benefits under the Policy from Defendant have been complied with, met, or waived.

## **BREACH OF CONTRACT**

12. Plaintiff re-alleges paragraphs 1 through 11 as if fully set forth herein.

13. Plaintiff has made an application for insurance benefits under the Policy, but Defendant has failed and/or refused to pay all of the benefits to which Plaintiff is entitled for the loss.

14. Plaintiff suffered direct physical damage to the insured property as a result of a covered peril as contemplated by the Policy.

15. Defendant has breached the Policy by underpaying and/or undervaluing the claim.

16. Defendant and its agents have failed and/or refused to properly investigate the loss, and have failed and/or refused to tender all insurance proceeds due and owing to the Plaintiff under the Policy.

17. Defendant knew, or should have known, that Plaintiff had outstanding damages that were directly caused by covered perils under the Policy, and that insurance monies were due and owing to the Plaintiff.

18. Defendant knew, or should have known, that Plaintiff had continuing damages that were and are directly covered under the Policy and whereupon Plaintiff submitted claims for payment under the Policy.

19. Defendant's conduct is contrary to the provisions of the contract.

20. Plaintiff has done and performed all those matters and things properly required under the insurance policy, or alternatively, Plaintiff has been excused from performance by the acts of Defendant by its representations and/or conduct.

21. Defendant has breached the Policy by failing to pay all benefits due under the Policy.

22. Defendant breached the contract by failing to pay the full costs necessary to restore Plaintiff's property to its pre-loss condition.

23. Defendant breached the contract by failing to pay based on Plaintiff's Proof of Loss which was submitted to the Defendant.

24. Defendant breached the contract by improperly withholding certain amounts for depreciation.

25. Other breaches may be determined during discovery in this matter.

26. As a direct result of Defendant's breach of its insurance contract, Plaintiff has lost the full value and full benefit of the Insured Property and continues to suffer such loss.

27. As a direct result of Defendant's breach of its insurance contract, it has been necessary for Plaintiff to incur and become obligated for attorneys' fees and costs in the

prosecution of this action. Florida Statute §627.428 and/or §626.9373 provides for the recovery of such attorneys' fees in the event of such need.

28.     Plaintiff has been obligated to engage the undersigned attorneys for the prosecution of this action and is entitled to reasonable attorneys' fees thereby pursuant to Fla. Stat. §627.428 and/or §626.9373.

WHEREFORE, Plaintiff prays this Honorable Court enter an award of compensatory and contractual damages, pre-judgment interest, costs of this action, attorneys' fees, and such further relief as this Court may deem appropriate.

## DEMAND FOR TRIAL BY JURY

Further, Plaintiff requests a trial by jury on all issues so triable.

Dated this 6th day of June, 2019.

CONSTABLE LAW, P.A.

*/s/ James S. Constable*
James S. Constable, Esquire
Florida Bar No. 68522
Allison S. Freeman, Esquire
Florida Bar No. 69539
CONSTABLE LAW, P.A.
323 Main Street
Safety Harbor, Florida 34695
Telephone: (727) 797-0100
Facsimile: (727) 726-6917
Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
IN AND FOR BAY COUNTY, FLORIDA
CIVIL DIVISION

WARRINER TAPPER LLC

          Plaintiff,

vs.

CASE NO.:

LEXINGTON INSURANCE COMPANY

          Defendant.

_____/

## NOTICE OF COMPLIANCE WITH RULE 2.516 AND DESIGNATION OF E-MAIL ADDRESS

James S. Constable, the undersigned counsel for Plaintiffs, WARRINER TAPPER LLC, in accordance with Florida Rule of Judicial Administration 2.516, hereby designate the following primary e-mail addresses for service of all documents herein:

    James Constable, Esq.    lit@constable-law.com
    Kate Ewing    kate@constable-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Compliance has been served contemporaneously with Plaintiffs' Complaint.

**CONSTABLE LAW, P.A.**

*/s/ James S. Constable*
James S. Constable, Esquire
Florida Bar No. 68522
Allison S. Freeman, Esquire
Florida Bar No. 69539
CONSTABLE LAW, P.A.
323 Main Street
Safety Harbor, Florida 34695
Telephone: (727) 797-0100
Facsimile: (727) 726-6917
Attorneys for Plaintiffs

19-2057

# FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

## I. CASE STYLE

IN THE CIRCUIT COURT OF THE <u>FOURTEENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>BAY</u> COUNTY, FLORIDA

Case No.: 19002006CA
Judge: _____

<u>David Warriner</u>
Plaintiff
　　　vs.
<u>Lexington Insurance Company</u>
Defendant

## II. TYPE OF CASE

- ☐ Condominium
- ☒ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☐ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

| | |
|---|---|
| III. | **REMEDIES SOUGHT** (check all that apply):<br>☒ Monetary;<br>☐ Non-monetary declaratory or injunctive relief;<br>☐ Punitive |
| IV. | **NUMBER OF CAUSES OF ACTION: (   )**<br>(Specify)<br><br>1 |
| V. | **IS THIS CASE A CLASS ACTION LAWSUIT?**<br>☐ Yes<br>☒ No |
| VI. | **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**<br>☒ No<br>☐ Yes – If "yes" list all related cases by name, case number and court: |
| VII. | **IS JURY TRIAL DEMANDED IN COMPLAINT?**<br>☒ Yes<br>☐ No |

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature s/ James S. Constable     FL Bar No.: 68522
        Attorney or party                                                           (Bar number, if attorney)

James S. Constable    06/06/2019
    (Type or print name)                                                             Date

19002006CA - WARRINER, DAVID vs. LEXINGTON INSURANCE COMPANY    Page 1 of 1

Case 5:19-cv-00197-MCR-MJF   Document 1-2   Filed 07/09/19   Page 12 of 12

**19002006CA - WARRINER, DAVID vs. LEXINGTON INSURANCE COMPANY**

## SUMMARY

| | | |
|---|---|---|
| **Judge:** FISHEL, JOHN L II | **Court Type:** Circuit Civil | **Case Type:** INSURANCE CLAIM |
| **Case Number:** 19002006CA | **Uniform Case Number:** 032019CA002006CAXXXX | **Status:** OPEN |
| **Clerk File Date:** 6/6/2019 | **Status Date:** 6/6/2019 | **Waive Speedy Trial:** ☐ |
| **Total Fees Due:** 0.00 | **Booking Number:** | **Agency:** |
| **Agency Report Number:** | **Custody Location:** | |

## PARTIES

| TYPE | PARTY NAME | ATTORNEY |
|---|---|---|
| PLAINTIFF | WARRINER, DAVID | |
| DEFENDANT | LEXINGTON INSURANCE COMPANY | |

## EVENTS

| DATE | EVENT | JUDGE | LOCATION | RESULT |
|---|---|---|---|---|
| | | No Events on Case | | |

## CASE DOCKETS

| IMAGE | DATE | ENTRY |
|---|---|---|
| | 6/6/2019 | CASE TYPE : INSURANCE CLAIM |
| Request | 6/6/2019 | PAYMENT $410.00 RECEIPT #2019031061 |
| 2 | 6/6/2019 | EP - SUMMONS ISSUED |
| 1 | 6/6/2019 | EP - DESIGNATION OF EMAIL ADDRESS |
| 4 | 6/6/2019 | EP - INITIAL COMPLAINT |
| 2 | 6/6/2019 | EP - CIVIL COVER SHEET |
| | 6/6/2019 | PLAINTIFF'S ATTORNEY: CONSTABLE, JAMES S ASSIGNED |
| | 6/6/2019 | JUDGE FISHEL, JOHN L II: ASSIGNED |
| | 6/6/2019 | DIVISION E ASSIGNED |
| | 6/6/2019 | CASE FILED 06/06/2019 CASE NUMBER 19002006CA |